JUAN RAMÓN RUBERTÉ, ET AL., Plaintiffs and Appellants, v. THE AMERICAN RAILROAD COMPANY, Defendant and Appellee.

No. 6846. Argued November 1, 1937.—Decided November 30, 1937.

*Fernando B. Fornaris, R. Hernández Matos* and *E. Huertas Zayas*
for appellants; *Mariano Acosta Velarde* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

We adhere to our conclusion that the rights of travellers on the highroad are superior to those of a railway automobile when the tracks are out of use by reason of the season of the year and no crops are moving. Cases of accidents at ordinary intersections of highroads do not apply. Indeed, the duties of the driver of a railway automobile under the conditions seems to us analogous to those of a pedestrian or traveller approaching a used railway track when there would arise in such driver a duty to stop, look and listen.

The defendant insists that the holding of this court, on the matter of negligence, is a variance from the averments of the complaint. Defendant maintains that where specific averments are made, the proof should be limited to such averments and that the opinion of this court was based on a distinct ground. The most pertinent matter was that the complaint charged the defendant with running at high speed and our opinion was not based on that ground or any specified in the complaint, but on another. Perhaps any action taking the railway automobile into part of the crossing is moving too fast but we base our holding on other grounds. In our rendered opinion all the facts on which the railway company relied were considered. The latter does not deny but affirms that it stopped just on penetrating the highway. This is admitted. So that the pleadings may be considered as amended to cover our point of view, clearly before the court,

362

that the railway automobile had under the conditions no right to enter on the highroad. That the pleadings may be considered as amended is the basis of various decisions of this court. See: *F. Gavilán & Co.* v. *Garriga e Hijos*, 38 P.R.R. 372; *Franqui* v. *Fuertes Hnos.* 41 P.R.R. 221, and others.

We did not base our reversal, as the appellee assumed, solely on a duty of said company to send someone ahead, but the ground of our decision was the duty of defendant to take some precaution on crossing the highroad.

We still hold that the act of the driver of the Graham Paige truck was one in emergency and the action of defendant was the proximate cause of the accident. We find no negligence in the driver of that truck.

With respect to the driver of the Ford truck we might have some doubts, but such doubts would only affect his supposed contributory negligence. The negligence of defendant would still justify the driver of the Graham Paige truck in taking the course he did.

We consider the other questions sufficiently discussed in our main opinion and the motion for reconsideration should be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.